ORIGINAL

## United States District Court
### NORTHERN DISTRICT OF GEORGIA

NOV 16 2015

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

v.

Jemel Broussard Harris

**CRIMINAL COMPLAINT**

Case Number: 1:15-MJ-955

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about November 15, 2015 in Clayton County, in the Northern District of Georgia, defendant(s) did, forcibly assault a Customs & Border Protection officer, that is, any officer or employee of the United States, while such officer or employee was engaged in the performance of his official duties, and did inflict bodily injury upon the victim,

in violation of Title 18, United States Code, Section(s) 111(a) & (b).

I further state that I am a(n) Special Agent of the United States Department of Homeland Security and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

_____
Signature of Complainant
Christopher Wright

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

November 16, 2015                               at      Atlanta, Georgia
Date                                                             City and State

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                Signature of Judicial Officer
AUSA William G. Traynor / Enter USAO/LIONS No.

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Christopher Wright, being duly sworn, do hereby depose, and state as follows:

### A. Introduction

1.  I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.  By this affidavit, I submit that probable cause exists to believe that Jemel Broussard HARRIS committed an assault against a United States Customs and Border Protection (CBP) Officer, that is, forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with any person designated in section 1114 of United States Code Title 18, in this instance a CBP Officer, in violation of Title 18, United States Code, Section 111(a)(1).

### B. Training and Experience

3.  I am a Special Agent ("SA") with the United States Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI"). I have been employed by HSI since March 2003, and by Immigration and Naturalization Service since January 1998. I am currently assigned to the Office of the Special Agent in Charge, Atlanta, Hartsfield International Airport Group. I am a graduate of the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, where I received training in violations of criminal and immigration law as well the preparation and execution of search and arrest warrants.

4. During the course of my employment with HSI, I have participated in the investigation of numerous cases relating to narcotics trafficking, human smuggling, money laundering, counterfeit goods, document fraud, and commercial fraud. I have conducted investigation into violations of federal law that have resulted in the arrest, indictment and conviction of multiple federal defendants.

C. **Sources of Information**

5. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have reviewed. Such statements are stated in substance, unless otherwise indicated. Wherever in this affidavit I state a belief, such belief is based upon my training and experience and the information obtained through this investigation.

6. Because this affidavit was prepared for the limited purpose of supporting a complaint against the individual listed herein, I have not included every fact learned in this investigation. I have set forth only those facts that I believe are necessary to establish the required basis for a criminal complaint. I do not rely upon facts not set forth herein in reaching my conclusion that a criminal complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this Affidavit in support of the application for a criminal complaint.

### D. Factual Summary – Probable Cause Basis

7. On November 15, 2015, shortly after approximately 6:17 pm, CBP Officers at Hartsfield-Jackson International Airport, Clayton County, Georgia, encountered Jemel Broussard HARRIS arriving from Santo Domingo, Dominican Republic, a place outside the United States, aboard Delta Airlines Flight DL 9856. HARRIS entered the Customs Territory of the United States via international arrival concourse E at Hartsfield-Jackson International Airport, a location in the Northern District of Georgia. As is routine for travelers arriving in the United States at Hartsfield-Jackson International Airport from an international location, with a travel itinerary terminating in Atlanta, Georgia, HARRIS was required to submit to a border inspection in concourse F.

8. After passing through the primary inspection area in concourse F, within the U.S. Customs Federal Inspection Service Area (FISA), HARRIS, a citizen of the United States, was directed into the Secondary Baggage Inspection area prior to his departure from the FISA.

9. Customs & Border Protect (CBP) officers initiated a border search of all luggage carried by HARRIS. During the inspection, HARRIS became verbally combative with officers, often times using profanity.

10. The baggage inspection failed to locate any items of contraband, at which time, HARRIS was instructed that he could collect his belongings and depart from the inspection area. While repacking his belongings, HARRIS was overheard continuing to use profanity in reference to officers and their search of his person and belongings.

11. Prior to gathering his belongings, HARRIS threw a deodorant bottle in the direction of a CBP Officer conducting an unrelated inspection on an adjacent searching station. The bottle failed to strike anyone.

12. At that time, CBP Officer I. Ali approached HARRIS at the searching station. CBP Officer Ali stood on one side of a waist high conveyor belt station, while HARRIS faced him from the other side. CBP Officer Ali instructed HARRIS to collect his belongings and leave the area.

13. At that time, HARRIS reached across the conveyor belt, which was not in motion, and struck the left side of CBP Officer Ali's head with HARRIS's right hand. CBP Officer Ali then reached across the conveyor belt and gained a clench hold on the back of HARRIS's head. While in this locked position, HARRIS was able to pull his body back, causing CBP Officer Ali to be thrown across the conveyor belt and onto the floor on the opposite side, from where HARRIS initiated his strike. CBP Officer Ali suffered a cut on the top of his head as a result of HARRIS's attack.

14. Additional officers quickly responded to the location and gained control and custody of HARRIS, who was placed in handcuffs.

E. **Conclusion**

15. Based upon the above, I believe that there is probable cause to believe the defendant, HARRIS did knowingly and intentionally forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in section 1114 of United States Code Title 18, in this instance a CBP Officer, in violation of Title 18, United States Code, Section 111(a)(1).

> 16. I participated in an investigation in 2003 that subsequently required me to testify at a suppression hearing. In ruling on the suppression issue, the District Court did not accept my account of events in certain respects. Thereafter, an internal investigation was undertaken by the ICE Office of Professional Responsibility to determine whether I was guilty of any

wrongdoing. That inquiry was later passed on to the Department of Homeland Security's Office of the Inspector General ("OIG"). In June 2005, the OIG concluded that there is no substantiation to any allegations of wrongdoing by me.